Wasco **HEDRICK**, d/b/a Million Auto Parts, Plaintiff,

v.

**UNITED STATES of America,** Defendant.

Civ. No. 4236.

United States District Court
D. New Mexico.

June 9, 1960.

Ertz & Beasley, by Oscar A. Beasley, Albuquerque, N. M., for plaintiff.

James A. Borland, U. S. Atty., by Joseph C. Ryan, Asst. U. S. Atty., Albuquerque, N. M., for defendant.

ROGERS, District Judge.

This is an action under the Federal Tort Claims Act, Title 28 U.S.C.A. §§ 1291, 1346, 1402, 1504 et seq., for damages claimed to have been caused by negligence of the Bureau of Reclamation which heretofore assumed the functions of the Middle Rio Grande Conservancy District.

The Court finds that the plaintiff owns two tracts of land on North Second Street in the City of Albuquerque, same being Middle Rio Grande Conservancy District Tracts 128–B and 129–B–1. The West portion of these tracts front on Second Street, and the Easterly portion is bound by the Gallegos Lateral, a relatively small irrigation ditch, and an integral part of the system of irrigation ditches or acequias in the Middle Rio Grande Conservancy District.

East of the Gallegos Lateral, which carries water from the North in a Southerly direction, are the tracks of the Atchison, Topeka and Santa Fe Railroad Company, and immediately East of the Railroad right-of-way is the Hahn Arroyo, which is of considerable size, formed by nature, and which carries large quantities of rain water from the Sandia Mountains and the relative plain area between these boundaries and plaintiff's property.

With a medium-sized head of water in the arroyo, these waters will overflow the Santa Fe tracks, overflow the East edge of the Gallegos Lateral, and when the latter carries a volume of water in excess of 5 cubic feet per second, there is a potential danger of breaking the West ditch bank.

On July 27, 1959, the plaintiff found that his six acres had been flooded with water, and that there was a break in the West bank of the Gallegos Lateral slightly to the North-east of plaintiff's property. Plaintiff promptly called the defendant's office and reported the break, and requested that the same be immediately fixed.

On the next day, July 28, 1959, the plaintiff arrived at his premises, which were used to store used automobiles and all types of automobile parts, and he found that a much larger flooding had occurred. He now brings this action

for damages to the motor parts injured by the water and the silt.

The plaintiff's testimony as to damages has been fully corroborated by another individual in the used parts field, and the amounts so found by the Court are some $1,500 above the amount sued for.

The Court is of the ultimate opinion that the plaintiff has failed to establish by a preponderance of the evidence, that the water which flooded his premises was irrigation water, taken from the Rio Grande at a point of diversion some 23 miles North of plaintiff's premises and conveyed by main ditches and then emptied into laterals. If a medium-sized trout, or even a minnow had been found on plaintiff's premises, these forms of life might have gone well toward establishing the nature of the water.

The evidence is uncontradicted that the Alameda Ditch had been shut down on July 21, 1959 at 7:00 o'clock in the evening, and the water was not turned on again into the ditch with enough volume for even ordinary irrigation uses, until July 28, 1959 at 7:00 o'clock in the evening. The rainfall figures indicate to the Court that a flash flood occurred. There was rain on July 26th, 27th and 28th, and at the nearest recording station a few miles away, it was respectively .11 inch, .76 inches and .50 inches. It should not be forgotten that after one rain, even of moderate severity, the land does not soak up the next rainfall. This is similar to the wet ditch theory of irrigating farmers in this region. The only source the Court can find as to the water which flooded the plaintiff's premises was that of flood waters.

This case appears to come fully within the sweep of Title 33 U.S.C.A. § 702c, the pertinent provisions thereof being:

"No liability of any kind shall attach to or rest upon the United States for any damage from or by floods or flood waters at any place."

The case would appear to fall within the thrust of National Manufacturing Co. v. United States, 8 Cir., 210 F.2d 263 and Clark v. United States, 9 Cir., 218 F.2d 446. The plaintiff appears to derive some comfort from the latter decision, for a reason not understood by the Court.

This opinion appears to be in harmony with two cases decided in this Court, which were not appealed. The first one is Western Farms, Inc. v. United States of America, No. 3976 on the docket of this Court. It was decided by Judge Ewing T. Kerr. The second is Miguel Salas v. United States of America, No. 3969 on the docket of this Court, and was decided in favor of the United States of America by Chief Judge Carl A. Hatch of this District.

The Court will sign a Judgment in favor of the defendant, United States of America, with each party to bear his or its own costs.